UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHRISTOPHER LAU,

      Plaintiff,

v.                                                                Case No.:  2:25-cv-1131-SPC-NPM

PR MERCATO LLC, BLUE
MARTINI NAPLES INC., TONEY
R. HANNON, DYLAN T. GLASS,
and ULLEE LOUIS,

      Defendants.

---

## OPINION AND ORDER

Before the Court are Defendant Blue Martini Naples Inc's ("BM") motion to dismiss (Doc. 38) and Defendant PR Mercato LLC's ("Mercato") amended motion to dismiss.[1]  (Doc. 52).  Plaintiff David Christopher Lau responded to both motions.  (Docs. 43, 53).  For the below reasons, the Court grants the motions in part.

## Background

This action arises from an incident at the Mercato shopping center in Naples, Florida.[2]  On May 12, 2024, Plaintiff, his wife Kendra, and other family

---

[1] The Court uses the terms "BM" and "Mercato" to refer to both the entities named as defendants and the properties they own and operate.

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).  That said, "legal conclusions without adequate factual support are entitled to no

and friends went to BM, a nightclub and lounge located within Mercato, to celebrate Plaintiff's stepdaughter's graduation from law school.

The series of events started when an accidental collision at BM's establishment occurred between Kendra and a server. Because of the collision, several glasses got knocked to the ground. As Kendra attempted to help pick up the glasses, the server pushed her. Kendra ignored the push and returned to her group.

Various employees and management from BM came over to talk to Plaintiff and Kendra about what happened. According to Plaintiff, BM's staff confronted them because the server falsely accused Kendra of battery. After about forty minutes, a member of BM's security staff told Plaintiff and the rest of his group they could leave. Plaintiff led the group out of BM. Apparently, various BM staff incorrectly informed Defendant Toney Hannon, an officer within the Collier County Sheriff's Office ("CCSO"), that Kendra should not be allowed to leave.

As Plaintiff exited the front entrance of BM, things took a turn. Hannon and Ullee Louis, a full-time BM employee, tackled Plaintiff. Other CCSO officers and "security personnel" came to the scene, including Defendant Dylan Glass. (Doc. 1 ¶ 34). Hannon shoved Plaintiff to the ground and handcuffed

---

assumption of truth[.]" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (cleaned up).

him, despite Plaintiff offering no resistance.  Glass allegedly kicked Plaintiff in his side while he lay handcuffed on the ground.  Shortly thereafter, Plaintiff was taken to the Collier County Jail.[3]

Plaintiff brings eleven counts against Defendants: battery against Hannon in his individual capacity, and Mercato and BM in their official capacities (Count I); battery against Glass in his individual capacity, and Mercato and BM in their official capacities (Count II); assault against Hannon in his individual capacity, and Mercato and BM in their official capacities (Count III); assault against Glass in his individual capacity, and Mercato and BM in their official capacities (Count IV); excessive force under 42 U.S.C. § 1983 against Hannon in his individual capacity (Count V); excessive force under 42 U.S.C. § 1983 against Glass in his individual capacity (Count VI); failure to intervene under 42 U.S.C. § 1983 against Hannon in his individual capacity (Count VII); battery against Louis in his individual capacity, and Mercato and BM in their official capacities (Count VIII); assault against Louis in his individual capacity, and Mercato and BM in their official capacities (Count IX); negligent supervision against Mercato (Count X); and negligent supervision against BM (Count XI).  Mercato and BM move to dismiss all the

---

[3] The complaint does not specify whether Hannon, Glass, or other CCSO officers took Plaintiff to jail.  Plaintiff does not allege he faced charges resulting from the incident.

counts against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," are not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

Mercato and BM make essentially the same three groups of arguments, so the Court analyzes their motions simultaneously. First, Mercato and BM argue that the counts based on vicarious liability are procedurally improper and the complaint fails to allege facts to support a respondeat superior theory. Second, Mercato and BM argue that the negligent supervision claims alleged

against them directly (Counts X and XI, respectively) fail to state a claim. Finally, Mercato and BM argue that Plaintiff's demand for punitive damages against them is procedurally defective and factually unsupported under Fla. Stat. § 768.72. The Court addresses these arguments in turn.

First, the Court addresses Mercato and BM's vicarious liability arguments. They argue that the claims based on vicarious liability (1) are pled improperly, and (2) the complaint fails to state sufficient facts regarding any employment relationship between Mercato or BM and Hannon or Glass. The Court finds the former argument has merit, and the latter does not.

Plaintiff's vicarious liability claims are procedurally improper because they are pled in the same counts as his direct claims against Hannon, Glass, and Louis. (*See, e.g.*, Doc. 1 ¶ 60). Claims based on vicarious liability must be pled as separate causes of action. *See, e.g.*, *S.D. v. City of Cape Coral*, No. 2:17-cv-111-FtM-99MRM, 2017 U.S. Dist. LEXIS 160389, at *6 (M.D. Fla. Sep. 29, 2017) (noting "vicarious liability must be alleged as a separate cause of action in a complaint, wherein it must set forth ultimate facts that establish [a] basis for vicarious liability") (citing *Goldschmidt v. Holman*, 571 So. 2d 422, 423–24 (Fla. 1990)). So Counts I–IV, VIII, and IX are dismissed without prejudice. *See Peavy v. Carnival Corp.*, 673 F. Supp. 3d 1286, 1291 (S.D. Fla. 2023) (dismissing counts without prejudice for impermissibly "comingl[ing]" theories of direct and vicarious liability).

Now, the Court addresses whether Plaintiff pled sufficient facts to support a vicarious liability theory.  Under the doctrine of respondeat superior, an employer can be vicariously liable for the acts of its employees when the acts are committed "(1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." *Valeo v. E. Coast Furniture Co.*, 95 So. 3d 921, 925 (Fla. Dist. Ct. App. 2012).

At the pleading stage, Plaintiff alleges sufficient facts to establish an employment relationship between Mercato, BM, Hannon, and Glass.  He alleges that Mercato and BM employed, compensated, trained, supervised, and directed Hannon and Glass.  (*See, e.g.*, Doc. 1 ¶¶ 11, 16, 44–48).  Plaintiff alleges that Hannon and Glass arrested him to further the interests of Mercato and BM.  (*Id.* ¶ 47).  And while Mercato and BM claim these allegations are conclusory, they cite no authority holding that Plaintiff must plead more.  In fact, the Court has rejected arguments like theirs before.  *See Rodriguez v. Rambosk*, No. 2:23-CV-1103-SPC-KCD, 2024 WL 4664315, at *3 (M.D. Fla. Nov. 4, 2024) (rejecting argument the plaintiff was required at the pleading stage to provide a contract between CCSO officers and a private business to establish an employment relationship).

The Court moves on to Mercato and BM's arguments regarding Plaintiff's negligent supervision claims (Counts X and XI).  Mercato and BM argue these claims fail because Plaintiff fails to allege facts that show either of

6

them possessed notice regarding the unfitness of Hannon and Glass. (Doc. 38 at 5–7, 53 at 5–7). The Court agrees with Mercato and BM.[4]

To state a claim for negligent supervision, Plaintiff must allege that "(1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1304 (S.D. Fla. 2021) (internal quotations and citations omitted).

Plaintiff fails to plead negligent supervision claims against Mercato or BM. He cites other lawsuits against the CCSO and an article from a local newspaper regarding a 2017 incident at Mercato to argue Mercato and BM had notice of Hannon and Glass' unfitness. (Doc. 1 ¶¶ 138 n.1, 148 n.3). But none of the lawsuits nor the article involve Hannon or Glass, so they do not demonstrate Mercato or BM's notice of **Hannon or Glass'** unfitness. (Doc. 38 at 6, 7). Therefore, Plaintiff fails to allege facts demonstrating that Mercato and BM possessed actual or constructive notice of Hannon or Glass' unfitness. The Court thus dismisses Counts X and XI without prejudice.

Finally, the Court addresses punitive damages. Mercato and BM argue that Plaintiff's demand for punitive damages against them fails for two

---

[4] Mercato and BM also argue the negligent supervision counts fail because Plaintiff fails to allege facts establishing an employment relationship. For the above reasons, the Court finds this argument fails at the pleading stage.

reasons.  First, they argue that these demands are procedurally improper under Fla. Stat. § 768.72(1) because Plaintiff does not offer record evidence to support them.  Second, Mercato and BM argue that the punitive damages claims are improper under Fla. Stat. § 768.72(3) because Plaintiff does not allege enough in the complaint to impute fault to them.  The Court disagrees with the § 768.72(1) argument but agrees with the § 768.72(3) argument.

Mercato and BM's § 768.72(1) argument lacks merit.  "[T]he pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement [to] obtain leave from the court before including a prayer for punitive damages." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001) (citation omitted).  Plaintiff also does not need proffer evidence before seeking punitive damages in federal court.  *See Deiparine v. Siemens Med. Sols. USA Inc.*, No. 6:10-CV-677-ORL, 2010 WL 5479653, at *4 (M.D. Fla. Dec. 2, 2010) ("[A] plaintiff in federal court need not . . . proffer evidence before pleading a claim for punitive damages." (citation omitted)), *report and recommendation adopted*, 2011 WL 9128 (Jan. 3, 2011).  The Court rejects Mercato and BM's § 768.72(1) argument.

The Court moves on to the § 768.72(3) argument.  To sustain a claim for punitive damages against a corporation based on vicarious liability, a plaintiff must establish that (1) the employee's conduct satisfies the definition for "intentional misconduct or gross negligence" within Fla. Stat. § 768.72(2) and

(2) the complaint alleges facts demonstrating corporate fault. *See, e.g.*, *Ramkissoon v. Delta Airlines, Inc.*, No. 6:25-CV-0774-CEM-DCI, 2025 WL 3194733, at \*7 (M.D. Fla. Oct. 31, 2025), *report and recommendation adopted*, 2025 WL 3720702 (Dec. 23, 2025). A plaintiff may plead corporate fault by alleging: (a) the corporation actively and knowingly participated in the employee's conduct, (b) the officers, directors, or managers knowingly condoned, ratified, or consented to such conduct, or (c) the corporation engaged in conduct constituting gross negligence that contributed to Plaintiff's damages. *See id.* Mercato and BM argue the complaint does not plausibly allege corporate fault. The Court agrees.

Plaintiff fails to allege sufficient facts to support a punitive damages demand under § 768.72(3). None of his allegations regarding Mercato or BM's purported hiring, supervision, or compensation of Hannon and Glass give rise to any of the three categories of corporate fault. Nor do Plaintiff's allegations regarding prior incidents on Mercato's premises for the reasons explained previously. *See supra* at 7. And Plaintiff's allegations that BM "failed to properly investigate, discharge, terminate, reassign, or implement any reasonable measures" to prevent the incident are vague and conclusory. (Doc. 1 ¶ 150). Plaintiff's punitive damages demand against Mercato and BM fails.

Plaintiff's complaint fails to state a claim against Mercato and BM. So his claims against them are dismissed without prejudice. The Court will give

9

Plaintiff one opportunity to amend his complaint and fix the deficiencies identified. Any further pleading deficiencies will result in the dismissal of the claims against Mercato and BM with prejudice. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is **ORDERED:**

1. Blue Martini Naples Inc.'s motion to dismiss (Doc. 38) and Defendant PR Mercato LLC's amended motion to dismiss (Doc. 52) are **GRANTED**.

2. Counts I, II, III, IV, VIII, IX, X, and XI of Plaintiff's Complaint (Doc. 1) are **DISMISSED without prejudice** as to Defendants Blue Martini Naples Inc. and PR Mercato LLC.

3. Plaintiff may file an amended complaint on or before June 16, 2026. **Failure to do so will result in dismissal of the complaint without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

10